UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID B. NEWMAN and IRA F/B/O DAVID NEWMAN- PERSHING LLC as Custodian, on behalf of themselves and all Others Similarly Situated, and Derivatively on behalf of FM LOW VOLATILITY FUND, L.P.,<br><br>　　　　　　　　　　Plaintiffs,<br>　　　v.<br><br>FAMILY MANAGEMENT CORPORATION; SEYMOUR W. ZISES; ANDREA L. TESSLER; ANDOVER ASSOCIATES LLC I; ANDOVER ASSOCIATES MANAGEMENT CORP.; BEACON ASSOCIATES LLC I; BEACON ASSOCIATES MANAGEMENT CORP.; JOEL DANZIGER, HARRIS MARKHOFF; IVY ASSET MANAGEMENT CORP.; THE BANK OF NEW YORK MELLON CORPORATION; MAXAM ABSOLUTE RETURN FUND, LP; MAXAM CAPITAL MANAGEMENT LLC; MAXAM CAPITAL GP, LLC; MAXAM CAPITAL MANAGEMENT LIMITED; SANDRA MANZKE; and JOHN DOES 1-100,<br><br>　　　　　　　　　　Defendants,<br><br>and FM LOW VOLATILITY FUND, L.P.,<br><br>　　　　　　　　　　Nominal Defendant. | 1:08-cv-11215-LBS |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this response to the Notice of Supplemental Authority (Dkt. #147) submitted by the Maxam Defendants[1] arguing that *West Palm Beach Police Pension Fund v. Collins Capital Low Volatility Performance Fund II*, *Ltd.*,

---

[1] Capitalized terms herein have the same meanings ascribed to them as in Plaintiffs' Corrected Omnibus Opposition to Defendants' Motion to Dismiss ("Opp. Mem.") (Dkt. #125).

09-80846-CIV-MARRA, 2010 U.S. Dist. LEXIS 74897 (S.D. Fla. July 26, 2010), supports their argument that the claims of the FM Fund (on whose behalf Plaintiffs sue derivatively)[2] are derivative of the harm suffered by the Maxam Fund.  Plaintiffs submit that *Collins*, which is a Southern District of Florida case and does not control here, is inapposite and unpersuasive.

In *Collins*, which was brought as a class action, the court dismissed direct claims of breach of fiduciary duty, gross negligence, unjust enrichment and declaratory relief brought by an investor in Collins Capital Low Volatility Performance Fund II, Ltd. (the "Collins Capital Fund" or the "Fund"), a "sub-feeder" fund to Madoff, against the Fund's investment advisor, Collins Capital Investments, LLC ("Collins Investments").[3]  Less than 10% of plaintiff's investment was funneled to Madoff through the Rye Select Broad Market Prime Fund LP (the "Feeder Fund"). *Id.* at *2-3.  The opinion does not state what percentage of the Fund's assets were invested in the Feeder Fund. *Id.* at *3.  The Fund is a British Virgin Island corporation. *Id.* at *7, n.1.

Despite finding that the amended complaint lacked the "necessary clarity" and, by "making allegations against Defendants collectively, lack[ed] the required  pleading precision" (*id.* at *5-6), the *Collins* court dismissed plaintiff's class claims against Collins Investments finding that plaintiff's claims were derivative of the harm suffered by the Fund. *Id*. at *10.  Without engaging in any meaningful analysis of the nature of the claims asserted or the relief requested, the court simply concluded that, by alleging Collins Investments did not conduct the necessary due diligence to discover Madoff's

---

[2] Thus, other than class claims for unjust enrichment and aiding and abetting fiduciary, the only direct claims against the Maxam Defendants are asserted by the FM Fund.

[3] The court granted plaintiff leave to amend its claims against the other defendants, the Fund and a sister fund. *Id.* at *10.

fraud, plaintiff had pled a "paradigmatic derivative claim." *Id.* at *7 (citation omitted). The court further found that Collins Investments owed fiduciary duties only to the Fund and not to its investors.[4]

Unlike *Collins*, Plaintiffs here have made detailed allegations clearly describing the relevant entities and the relationships among the parties to enable the Court to determine whether the FM Fund may assert direct claims against the Maxam Defendants. First and foremost is the crucial fact that the Collins Capital Fund is a corporation while the Maxam Fund is a Delaware partnership. The Maxam Defendants do not dispute that Maxam GP, the general partner of the Maxam Fund, owes fiduciary duties to the fund's limited partners, including the FM Fund. Further, defendants Manzke, and MCM and MCML, two entities that Manzke created to advise and administer the Maxam Fund solely to collect fees from limited partners, also owed fiduciary duties to the limited partners of the Maxam Fund. Dkt. #125 (Opp. Mem.), at 11-12, 34-35, 83-84, and 109-111.

In addition, because Collins Capital Fund is a corporation that appears to be a going concern, principles governing derivative actions on behalf of corporations apply. Here, as set forth in Plaintiffs' prior submissions, the more applicable authority is *Anglo American Sec. Fund, L.P. v. S.R. Global Int'l. Fund, L.P.*, 829 A.2d 143 (Del. Ch. 2003) or *In re Cencom Cable Income Partners, L.P. Litig*, No. C.A. 14634, 2000 WL 130629 (Del. Ch. Jan. 27, 2000), both of which involve limited partnerships as is the case here. These cases hold that even if a claim would ordinarily be classified as derivative in a corporate context, it may be treated as a direct claim in a partnership context because of

---

[4] In support, the Court cited *Goldstein v. S.E.C.*, 451 F.3d 873, 881 (D.C. Cir. 2006), which is a case involving the Investment Advisers Act of 1940 ("IAA"), 15 U.S.C. § 80b-1, and has no relevance here.

the difference in the nature of the investments, and the relationship among the parties, especially where the partnership is in liquidation.[5]  Even if some of the considerations in *Cencom* and/or *Anglo American* could apply to *Collins*, the court was neither presented with nor considered the cases or the arguments.

Finally, Plaintiffs here are not alleging a mismanagement claim based on the Maxam Defendants' failure to uncover Madoff's fraud as the court characterized plaintiff's claims in *Collins*.  Rather, Plaintiffs allege that the Maxam Defendants, despite unquestionably knowing about warning signs that Madoff was not a safe investment for limited partners, and despite owing fiduciary duties to the limited partners, knowingly ignored these obvious signs to collect higher-than-industry management fees, which was possible only by virtue of their relationship with Madoff.  Plaintiffs allege a fundamental breach of the fiduciary duties of care, disclosure and loyalty, and an exceedingly reckless dereliction of duties by the Maxam Defendants.[6]  *Collins* is inapposite and does nothing to detract from the well-grounded conclusion that the FM Fund can properly assert direct claims against the Maxam Defendants.

---

[5] Limited partners in the Maxam Fund, unlike shareholders, had individual, illiquid capital accounts, which have lost and cannot regain value, and the Maxam Fund which was 100% invested with Madoff, is for all purposes defunct.

[6] To the extent the Maxam Defendants claim that the FM Fund cannot assert a negligent misrepresentation claim, even *Collins* held that misrepresentation claims were direct.  *Id.* at *6.

5

Dated:  August 17, 2010

        WOLF HALDENSTEIN ADLER
         FREEMAN & HERZ LLP

By:   /s/  Demet Basar
       Daniel W. Krasner (DK 6381)
       Demet Basar (DB 6821)
       Kate McGuire (KM 0599)
       270 Madison Avenue
       New York, NY  10016
       Telephone: (212) 545-4600
       Facsimile:   (212) 545-4653

/584570