UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
IN RE: BEACON ASSOCIATES LITIGATION : Master File No.:
This Document Relates To: ALL ACTIONS :
: 09 Civ. 0777 (LBS)
:
------------------------------------------------------------------ X
:
DAVID B. NEWMAN and IRA F/B/O DAVID :
NEWMAN-PERSHING LLC as Custodian, on behalf : 08 Civ. 11215 (LBS)
of themselves and all Others Similarly Situated, and :
Derivatively on behalf of FM LOW VOLATILITY :
FUND, L.P., :
:
      Plaintiffs, :
:
    v. :
:
FAMILY MANAGEMENT CORPORATION; :
SEYMOUR W. ZISES; ANDREA L. TESSLER :
ANDOVER ASSOCIATES LLC I; ANDOVER :
ASSOCIATES MANAGEMENT CORP.; BEACON :
ASSOCIATES LLC I; BEACON ASSOCIATES :
MANAGEMENT CORP.; JOEL DANZIGER; :
HARRIS MARKHOFF; IVY ASSET :
MANAGEMENT CORP.; THE BANK OF NEW :
YORK MELLON CORPORATION; MAXAM :
CAPITAL MANAGEMENT LLC; MAXAM :
CAPITAL GP, LLC; MAXAM CAPITAL :
MANAGEMENT LIMITED; SANDRA MANZKE; :
and JOHN DOES 1-100, :
:
      Defendants, :
:
and FM LOW VOLATILITY FUND, L.P., :
:
      Nominal Defendant. :
------------------------------------------------------------------ X

**DECLARATION OF CHARLES J. HECHT
IN OPPOSITION TO THE MOTION OF IVY ASSET MANAGEMENT LLC
TO STAY DISCOVERY IN <u>HECHT V. ANDOVER ASSOCS. MGMT. CORP.</u>, et al.**

  I, Charles J. Hecht, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a member of the Bar of this Court and the principal of the firm of Hecht & Associates, P.C. I am also the named plaintiff in the matter of *Charles J. Hecht, derivatively on behalf of Andover Associates LLC I, v. Andover Associates Management Corp. et al.*, Index No. 6110/2009, pending before the Hon. Stephen A. Bucaria, J.S.C. in the Supreme Court of the State of New York, County of Nassau (the "*Hecht*" case).

2. This Declaration is made in opposition to the motion by Ivy Asset Management LLC, joined by Andover Associates Management Corp., Joel Danziger and Harris Markhoff, to stay discovery in the *Hecht* case under the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78u-4(b)(3)(D).

3. I am represented by my firm in the *Hecht* case, which was originally filed on April 1, 2009.

4. My firm also represents the plaintiffs in *Joel Sacher and Susan Sacher, derivatively on behalf of Beacon Associates LLC II v. Beacon Associates Management Corp., et al.*, Index No. 5424/2009, also pending before Justice Bucaria in Nassau County, New York (the "*Sacher*" case). The *Sacher* case was originally filed on March 24, 2009. *Sacher* was the first lawsuit that asserted derivative claims on behalf of Beacon Associates LLC II filed after Bernard Madoff confessed to operating a Ponzi scheme.

5. In early June 2009, I received a telephone call from Barbara Hart, Esq. of the firm of Lowey Dannenberg Cohen & Hart, P.C. She advised me that the Court had appointed her firm as lead counsel in three federal cases consolidated into *In re Beacon Associates Securities Litigation*, 09 Civ. 0777 (LBS). Ms. Hart further advised me that the Hon. Leonard B. Sand of this Court had directed the plaintiffs' counsel for all cases involving Beacon Associates LLC I or Beacon Associates LLC II (the "Beacon Funds") to meet together at her offices.

6.     Ms. Hart's meeting was held on June 17, 2009. As the plaintiffs' counsel in *Sacher*, which was brought derivatively on behalf of Beacon Associates LLC II, I attended Ms. Hart's meeting together with a number of other counsel for different parties in various suits involving the Beacon Funds. That is the only meeting that I have had with Lowey Dannenberg for at least the last 15 years.

7.     At Ms. Hart's meeting, she urged all of the plaintiffs' counsel to withdraw their individual suits and become part of the consolidated *In re Beacon* action. At Ms. Hart's meeting, I expressed some of my preliminary concerns about *In re Beacon* and stated that I would consider her suggestion.

8.     Ms. Hart's meeting is the context for my statement during oral argument on the state motion to dismiss *Sacher* that "**The plaintiff's counsel have talked**, and we've discussed my opinion that there is in inherent conflict. That is why I didn't join the federal case [*In re Beacon*]...." *See* Declaration of Lewis J. Liman dated August 9, 2010 in support of the motion (the "Liman Decl."), Ex. B, at 65:8-21 (emphasis added).

9.     Although Ms. Hart's meeting was attended by plaintiff's counsel in *Newman v. Family Management Corp.*, 08 Civ. 11215 (LBS) (the "*Newman*" case), neither the *Hecht* case nor the *Newman* case was discussed. I am not and have never been an investor in the FM Low Volatility Fund, the hedge fund on behalf of which *Newman* is derivatively brought.

10.     Despite electing to not join *In re Beacon*, I agreed as a courtesy to forward Ms. Hart's firm a copy of the amended *Sacher* complaint after it was filed and asked for the same courtesy in return. This is the context for my statement that "**We've all pooled complaints...**", *id.* at 65:10, when I was explaining that *In re Beacon* did not allege all of the claims alleged in *Sacher*. *Id.* at 65:4–14.

11.No other law firm provided assistance to my firm in drafting the *Hecht* or *Sacher* complaints.

12.I am not an investor or member in the Beacon Fund as of December 2008, and I have no interest in that entity as an investor.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed:New York, New York
August 18, 2010

_____
Charles J. Hecht

## CERTIFICATE OF SERVICE

Daniel Tepper, an attorney duly admitted to practice law in the this Court, hereby certifies that on August 18, 2010, I caused to be served the within **DECLARATION OF CHARLES J. HECHT IN OPPOSITION TO THE MOTION OF IVY ASSET MANAGEMENT LLC TO STAY DISCOVERY IN** *HECHT V. ANDOVER ASSOCS. MGMT. CORP., et al.* as follows:

(a) Upon all counsel in *In re Beacon Associates Management Corp.*, 09 Civ. 0777 (LBS) and *Newman v. Family Management Corp.*, 08 Civ. 11215 (LBS) through the Court's Electronic Case Filing (ECF) system.

(b) By Federal Express overnight delivery and electronic mail to:

John Eickemeyer, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
jeickemeyer@vedderprice.com

(c) By Federal Express overnight delivery (and ECF service) to:

Lewis J. Liman, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York 10006

Tab Rosenfeld, Esq.
Rosenfeld & Kaplan, LLP
535 5th Avenue, Suite 1006
New York, New York 10017

_____
Daniel Tepper