UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

DAVID B. NEWMAN and IRA F/B/O
DAVID NEWMAN-PERSHING LLC as
Custodian, on behalf of themselves and all          08-cv-11215-LBS
Others Similarly Situated, and Derivatively on
behalf of FM LOW VOLATILITY FUND,                   ECF Case
L.P.,

        Plaintiffs,

    v.

FAMILY MANAGEMENT CORPORATION,                      Oral Argument Requested
SEYMOUR W. ZISES, ANDREA L.
TESSLER, ANDOVER ASSOCIATES LLC I,
ANDOVER ASSOCIATES MANAGEMENT
CORP., BEACON ASSOCIATES LLC I,
BEACON ASSOCIATES MANAGEMENT
CORP., JOEL DANZIGER, HARRIS
MARKHOFF, MAXAM ABSOLUTE
RETURN FUND, LP, MAXAM CAPITAL
MANAGEMENT LLC, MAXAM CAPITAL
GP, LLC, MAXAM CAPITAL
MANAGEMENT LIMITED, and SANDRA
MANZKE,

        Defendants,

and FM LOW VOLATILITY FUND, L.P.,

        Nominal Defendant.

————————————————————————x


## MEMORANDUM OF LAW IN SUPPORT OF MAXAM CAPITAL MANAGEMENT LLC, MAXAM CAPITAL GP LLC, MAXAM CAPITAL MANAGEMENT LIMITED, AND SANDRA MANZKE'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND TO AMEND THE COMPLAINT

# <u>TABLE OF CONTENTS</u>

**Page**

Preliminary Statement........................................................................................................1

Procedural History ...........................................................................................................2

Argument ...........................................................................................................................4

  I.    PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER ...........................................4

  II.   AMENDMENT IS FUTILE BECAUSE THE PROPOSED THIRD AMENDED
        COMPLAINT SUFFERS FROM THE SAME LEGAL DEFICIENCIES AS THE
        DISMISSED SECOND AMENDED COMPLAINT ........................................................5

      A.  The Proposed Third Amended Complaint Does Not Sufficiently Plead
          Demand Futility As To MAXAM ..................................................................................5

      B.  The Proposed Third Amended Complaint Does Not Put Forth Any
          New Allegations Which Would Change the Court's Ruling That
          Plaintiffs' State Law Claims Are Preempted By SLUSA .................................................8

      C.  The Proposed Third Amended Complaint Does Not Adequately Plead
          Securities Fraud As To MAXAM ..................................................................................9

  III.   PLAINTIFFS ARE NOT LEFT WITHOUT REMEDY ....................................................9

Conclusion ........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Anwar v. Fairfield Greenwich Ltd.,* No. 09 Civ. 0118 (VM), 2010 WL 3341636
    (S.D.N.Y. Aug. 18, 2010) ............................................................................ 9

*Aronson v. Lewis,* 473 A.2d 805 (Del. 1984) ................................................................. 6

*Dommert v. Raymond James Fin. Servs., Inc.,* No. 06 Civ. 102 (DF), 2007 WL 1018234
    (E.D. Tex. Mar. 29, 2007) ......................................................................... 8

*Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085 (2d Cir. 1995) .................................... 6

*Levinson v. PSCC Services, Inc.,* No. 3:09-CV-00269 (PCD), 2009 WL 5184363
    (D. Conn. Dec. 23, 2009) .......................................................................... 8

*Manno v. MAXAM Capital GP, LLC*, No. 10 Civ. 9260
    (S.D.N.Y. filed Dec. 10, 2010) .................................................................. 9

*Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991) ..................... 6

*In re Terrorist Attacks on September 11, 2001*, 471 F. Supp. 2d 444 (S.D.N.Y. 2007)............. 8, 9


**Statutes**

15 U.S.C. § 77bb...................................................................................................... *passim*

Federal Rule of Civil Procedure 59 ............................................................................ 5

Southern District of New York Local Rule 6.3 .......................................................... 1

Defendants MAXAM Capital Management LLC, MAXAM Capital GP LLC, MAXAM Capital Management Limited, and Sandra Manzke (collectively and separately, "MAXAM" or the "MAXAM Defendants")[1] respectfully submit this memorandum of law in Opposition to Plaintiffs' Motion to Alter or Amend the Judgment and to Amend the Complaint.

### Preliminary Statement

This case has been pending for nearly two years. After four iterations of a complaint and two rounds of motions to dismiss addressing numerous legal deficiencies, the Court dismissed all of Plaintiffs' claims, with prejudice, by Opinion and Order dated October 20, 2010, and a judgment was entered later that day (together, the "Order"). The fourteen-day time period for Plaintiffs to file a motion for reconsideration pursuant to Local Rule 6.3 came and went. Then, on the very last day that they were permitted to do so, Plaintiffs filed a motion that they have styled as a Motion to Alter or Amend the Judgment and to Amend the Complaint and accompanying memorandum of law (together, "Mot." or "Motion to Alter" or "Motion"), asking the Court to reconsider its previous ruling and allow them to amend their complaint yet another time. Plaintiffs' Motion to Alter should be denied.

*First*, Plaintiffs' Motion is procedurally improper. The Motion is plainly a motion for reconsideration (notwithstanding its title) and is time barred under Local Rule 6.3. Further, even if it were not time barred, Plaintiffs all but ignore their obligation to establish that the Court overlooked controlling law or important facts that were before the Court at the time it issued the Order. Accordingly, Plaintiffs have failed to satisfy the exacting standard for alteration or amendment of the Order (*see infra* Point I).

---

[1]     Plaintiffs have conceded that MAXAM Capital Management Limited was erroneously included in the action and have agreed to drop MAXAM Limited as a party, should their Motion to Alter or Amend the Judgment and to Amend the Complaint be granted. Mot. at 3 n.5.

*Second*, even if the Motion to Alter was procedurally proper (which it is not) *and* even if Plaintiffs adequately demonstrated they were entitled to an amendment of the Order (which they did not), amendment is nevertheless futile because the proposed third amended complaint does not remedy the legal deficiencies on which the Court dismissed the second amended complaint (*see infra* Point II*)*.

## Procedural History

Plaintiffs initially filed their complaint on December 23, 2008.  Plaintiffs filed their First Amended Complaint on May 4, 2009 and on July 13, 2009, the MAXAM Defendants timely filed a detailed Motion to Dismiss, pointing out the many legal deficiencies in that Complaint, including but not limited to Plaintiffs' failure to adequately plead demand excusal and scienter.

On September 16, 2009, just days before their opposition papers were due, Plaintiffs filed their Motion for Leave to File a [Proposed] Second Amended Complaint ("September Motion for Leave").  The MAXAM Defendants timely opposed the September Motion for Leave on October 5, 2009.  A month later, on November 5, 2009, Plaintiffs withdrew the September Motion for Leave and moved for leave to file what was essentially a third amended complaint, which Plaintiffs styled a Substituted [Proposed] Second Amended Complaint.  On November 20, 2009, MAXAM opposed Plaintiffs' new motion for leave to amend their complaint on the grounds that any amendment would be futile because Plaintiffs' lacked standing.

On December 16, 2009, the Court heard oral argument on Plaintiffs' motion for leave to amend and granted Plaintiffs leave to amend their complaint.  At that time, MAXAM requested that the Court instruct that the Plaintiffs would not be granted further leave to amend.  The Court declined to do so, but cautioned that if there was a further attempt to amend that was occasioned by "further thinking [] on the part of the lawyers or something which is available [] but was not

2

included", it "might very well say enough is enough" but that it did not "want to anticipate what subsequent disclosures or events might precipitate still a further amended complaint". Declaration of Carrie A. Tendler ¶ 2, Ex. A at 24:1-16.  Plaintiffs subsequently filed their Second Amended Complaint ("SAC").

On February 16, 2010, MAXAM made a timely motion to dismiss the SAC.  Among other things, MAXAM argued that Plaintiffs lacked standing to bring the asserted claims, that the state law class action claims were precluded by the Securities Litigation Uniform Standards Act ("SLUSA"), and that Plaintiffs failed to adequately plead the elements of their federal securities and common law fraud claims.  MAXAM requested a full dismissal of the SAC with prejudice. In opposition to the various Defendants' motions to dismiss, Plaintiffs filed a 122 page opposition brief (the "Motion to Dismiss Opposition") on April 19, 2010, as well as a Sur-Reply to MAXAM's Reply Memorandum in Support of its Motion to Dismiss and Supplement to Plaintiffs' Motion to Dismiss Opposition (the "Sur-Reply") on May 25, 2010.  In their Motion to Dismiss Opposition, in a one-sentence footnote, Plaintiffs requested that they be given leave to replead if the Court granted the Motions to Dismiss.  Motion to Dismiss Opposition at 122 n.115. While the Motions to Dismiss were pending, Plaintiffs and Defendants filed notices of supplemental authority bringing recent cases to the Court's attention.

On October 20, 2010, the Court issued an Order and Opinion dismissing the SAC. Declaration of Demet Basar ("Basar Decl."), Ex. A at 29 (the "Order").  As to the claims against MAXAM, the Court found that the Plaintiffs lacked standing to bring their derivative claims because they failed to make a demand on the managers of the FM Fund to pursue the action against MAXAM (and others) or plead with particularity why demand was excused.  Order at 29. The Court dismissed Plaintiffs' class action claims against MAXAM on the grounds that those

3

claims were preempted by SLUSA, finding that the litigation was sufficiently connected to "covered securities" because the objective of the FM Fund "was to manage Plaintiffs' investment using multiple strategies", including a strategy that explicitly involved the purchase and sale of covered securities. *Id.* at 19. The Court also found that the fact "that the [FM] Fund was invested in other funds engaged to adopt that strategy does not compel a different result, particularly where the FM Fund expected its Feeder Funds to pursue the same objectives". *Id.* at 19. The Court denied Plaintiffs' request for leave to amend on the grounds that such amendment would be futile. *Id.* at 20 n.10. The clerk entered a judgment (the "Judgment") on the same day as the Court issued its Opinion, granting Defendants' motions to dismiss. Basar Decl., Ex. B.

On November 17, 2010, Plaintiffs filed what they styled as a "Motion to Alter or Amend the Judgment and for Leave to Amend the Complaint". That Motion to Alter does not challenge the Court's legal conclusions or the substance of the Judgment (which dismissed the action). Rather, Plaintiffs challenge only the Court's decision to dismiss the case without leave to replead. Mot. at 6.

## Argument

## I.     PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER.

The MAXAM Defendants hereby join the legal arguments advanced by the Ivy Asset Management LLC and Bank of New York Mellon Defendants (the "Ivy and BONY Defendants") in Point I of their Memorandum of Law in Support of their Opposition to Plaintiffs' Motion to Alter or Amend the Judgment and for Leave to Amend the Complaint. In order to not unduly burden this Court, the MAXAM Defendants incorporate those arguments by reference.

4

## II.   AMENDMENT IS FUTILE BECAUSE THE PROPOSED THIRD AMENDED COMPLAINT SUFFERS FROM THE SAME LEGAL DEFICIENCIES AS THE DISMISSED SECOND AMENDED COMPLAINT.

Even if Plaintiffs' Motion was timely (which it is not) and even if they had satisfied the standard under Rule 59 (which they did not), Plaintiffs' motion for leave to amend its claims as to MAXAM should be denied because the Proposed Third Amended Complaint suffers from the same legal deficiencies identified in the Order, and as such, amendment would be futile.  *See* Basar Decl. Ex. C ("Proposed TAC").

MAXAM respectfully reserves its right to address all of the legal deficiencies in the Proposed TAC in a formal motion to dismiss in the event this Court is inclined to grant Plaintiffs' Motion to Alter.  Here, MAXAM addresses a few of those deficiencies that clearly illustrate why the Proposed TAC is futile.

### A.  The Proposed Third Amended Complaint Does Not Sufficiently Plead Demand Futility As To MAXAM.

In dismissing Plaintiffs' claims against MAXAM, the Court found that Plaintiffs lacked standing to bring their purportedly derivative claims on behalf of the FM Fund because they failed to meet the demand requirement and did not adequately plead that demand was excused. Order at 25-29.  In particular, the Court found that the SAC did not provide "any convincing reasons why Defendant FMC cannot exercise its business judgment as general partner to determine whether the FM Fund should pursue claims against" MAXAM.  *Id.* at 29.

In the Proposed TAC, Plaintiffs allege only two additional allegations as to why the FM Fund and its managers are not capable of exercising their business judgment to sue MAXAM: (1) because MAXAM "undoubtedly would assert claims against the FMC Defendants" and (2) because the FM Fund's counsel, to date, has not yet filed any litigation against MAXAM.

5

Proposed TAC at ¶¶ 76-80.  Neither of those allegations is sufficient to adequately plead demand futility with particularity.

The Proposed TAC's speculative allegation that the FMC Defendants may face some sort of personal exposure if they decided to bring a suit against MAXAM—a conclusory allegation that does not even begin to explain what MAXAM could do to the FMC Defendants that they would be afraid of—is not sufficient as a matter of law to excuse demand.  *See* Order at 27 (citing *Aronson v. Lewis*, 473 A.2d 805, 815 (Del. 1984) ("The mere threat of personal liability…is insufficient to challenge either the independence or disinterestedness of directors")). Plaintiffs have not articulated a single legitimate basis to conclude that the FMC Defendants would fear a "substantial likelihood of" liability ***to MAXAM*** in bringing litigation against MAXAM on behalf of the FM Fund.

In the Proposed TAC, Plaintiffs erroneously seem to claim that demand is futile because if the FM Fund itself were to pursue litigation against MAXAM (as opposed to the Plaintiffs suing derivatively on behalf of the FM Fund), MAXAM would "undoubtedly" assert an "*in pari delicto*" claim against the FMC Defendants.  Proposed TAC at ¶¶ 76-77.  As an initial matter, *in pari delicto* is a *defense* to liability, and is not a "claim" (as Plaintiffs call it) that could result in liability to MAXAM on the part of the FMC Defendants.  *See generally Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085 (2d Cir. 1995) and *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991).  Moreover, the *in pari delicto* defense is available to MAXAM against the FM Fund ***irrespective of who makes the decision to bring the claim***.  In other words, that defense is equally available to MAXAM against the Fund, regardless of whether a derivative

plaintiff (such as Plaintiffs here) or the FMC Defendants are leading the litigation because either one would stand in the shoes of the FM Fund for the purpose of the litigation.[2]

The Proposed TAC's allegations regarding the FM Fund's independent counsel are similarly insufficient to establish demand futility as to MAXAM. The Proposed TAC alleges that the FM Fund's attorney is paid by the FMC Defendants, and thus is conflicted as to MAXAM because the FMC Defendants are conflicted as to MAXAM. Proposed TAC at ¶ 77. But this argument necessarily fails because there is no legally cognizable basis from which to infer that the FMC Defendants are conflicted as to MAXAM. *See* Order at 27 (citing authority).

Rather than offer any factual allegations sufficient to support a finding of demand futility as to MAXAM, Plaintiffs instead offer the following circular reasoning: because the FM Fund's counsel has to date not brought a lawsuit against MAXAM, it must necessarily have a conflict of interest so severe that it cannot possibly independently examine the merits of such a suit. But Plaintiffs can offer no support for the proposition that the mere failure to have brought a lawsuit to date, *ipso facto*, establishes demand futility, and MAXAM is not aware of any. Such an exception would swallow the demand rule, because the result would be an automatic finding of demand futility in every single case in which it was alleged.

The Proposed TAC is the Plaintiffs' fifth attempt to plead demand futility as to MAXAM and they have still failed to do so. The reason is simple: Plaintiffs do not have any good faith basis to allege with particularity any fact that would render the FM Fund's directors not independent or disinterested as to MAXAM. Accordingly, leave to amend is futile.

---

[2]     In fact, in Plaintiffs' Sur-Reply, Plaintiffs acknowledge MAXAM has raised an argument in this litigation that "is based on the *in pari delicto* doctrine" and thus have demonstrated that this defense is not limited to an action brought by the FMC Defendants, rather than Plaintiffs. *See* Sur-Reply at 1.

**B. The Proposed Third Amended Complaint Does Not Put Forth Any New Allegations Which Would Change The Court's Ruling That Plaintiffs' State Law Claims Are Preempted By SLUSA.**

Plaintiffs' argument that the Proposed TAC puts forward state law class action claims that are not preempted by SLUSA is nothing more than a classic "second bite at the apple" and a transparent attempt to advance legal argument that this Court previously rejected in its Order.

Plaintiffs claim that the Proposed TAC "explains" that the FM Fund was an entity that invested in each of the Feeder Funds, which in turn entrusted their assets to Madoff, and that this "distance" is too significant for SLUSA's "in connection with" requirement to be satisfied. Mot. at 21. The relationship of the Plaintiffs' investment to the ultimate investment through Madoff was explained clearly in the SAC, argued about in both rounds of Motions to Dismiss, and was, in fact, expressly rejected by the Court in its Order. *See* Order at 18 (citing *Levinson v. PSCC Services, Inc.*, No. 3:09-CV-00269 (PCD), 2009 WL 5184363, at *9 (D. Conn. Dec. 23, 2009) (There is "no question that Madoff's Ponzi scheme was 'in connection with' the purchase and sale of securities")); *see also* Order at 19 (citing *Dommert v. Raymond James Fin. Servs., Inc.*, No. 06 Civ. 102 (DF), 2007 WL 1018234, at *11 (E.D. Tex. Mar. 29, 2007) (finding "in connection" requirement met where purpose of investment agreements was to "utilize [the plaintiff's] assets and expand upon those assets, presumably with the purchase and sale of securities")). Plaintiffs "now attempt to create 'new' allegations from largely the same set of facts". *In re Terrorist Attacks on September 11, 2001*, 471 F. Supp. 2d 444, 447 (S.D.N.Y. 2007).

The proper venue for Plaintiffs to have pursued their arguments that the Court erred in finding SLUSA applicable here was the Appellate Courts, not this Court by way of a Motion to Alter. Because "much, if not all of the information in these proposed allegations [were]

available to the Court" and the Court considered these facts and determined that SLUSA nevertheless barred the claims, amendment is futile and leave to replead should be denied.  *See id.*[3]

### C.  The Proposed Third Amended Complaint Does Not Adequately Plead Securities Fraud As To MAXAM.

As Plaintiffs concede, the Proposed TAC does not contain any additional allegations concerning scienter of MAXAM.  Mot. at 23 (discussing additional allegations as to Andover and Ivy); *see also* Basar Decl., Ex. D.  As such, the Proposed TAC fails to state a claim under the federal securities laws or for common law fraud for the same reasons that the SAC failed to state such a claim.

### III.     PLAINTIFFS ARE NOT LEFT WITHOUT REMEDY.

Plaintiffs' claim that they will be left without remedy as to MAXAM for their alleged wrongs (Mot. at 24) is without merit.  Late on December 10, 2010, counsel for Plaintiffs in this action filed a class action complaint against the MAXAM Defendants purportedly on behalf of all investors in the MAXAM fund.  *Manno v. MAXAM Capital GP, LLC*, No. 10 Civ. 9260 (S.D.N.Y. filed Dec. 10, 2010).  Accordingly, just as the Court noted in dismissing Plaintiffs' Beacon-related claims, Plaintiffs will not be "left without remedy" as to their MAXAM-related claims in light of the *Manno* case.[4]  *See* Order at 29.

---

[3]         Plaintiffs cite to *Anwar v. Fairfield Greenwich Ltd.,* No. 09 Civ. 0118 (VM), 2010 WL 3341636 (S.D.N.Y. Aug. 18, 2010)  in support of its argument that SLUSA does not bar the claims because of the purported "distance" created by the chain of investments.  This is not new (or controlling) authority.  Indeed, Plaintiffs submitted this case to the Court, **prior to the Order**, by Notice of Supplemental Authority.   Thus the Court considered, and rejected, *Anwar*'s applicability to the case here.
[4]         The *Manno* complaint suffers from its own legal deficiencies, which will be addressed as that action moves forward.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend the Judgment and for Leave to Amend should be denied.

Dated: New York, New York
        December 17, 2010

Respectfully submitted,

KOBRE & KIM LLP

s/ Jonathan D. Cogan

Jonathan D. Cogan
(jonathan.cogan@kobrekim.com)
Michael S. Kim
(michael.kim@kobrekim.com)
Carrie A. Tendler
(carrie.tendler@kobrekim.com)

800 Third Avenue
New York, New York 10022
Telephone: +1 212 488 1200
Facsimile:  +1 212 488 1220

Of Counsel:
Benjamin A. O'Neil
(benjamin.oneil@kobrekim.com)
1919 M Street, N.W.
Washington, D.C. 20036
Telephone: +1 202 664 1900
Facsimile:  +1 202 664 1920

To: All Counsel of Record

*Attorneys for MAXAM Capital Management LLC, MAXAM Capital GP LLC, MAXAM Capital Management Limited and Sandra Manzke*