UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID B. NEWMAN and IRA F/B/O DAVID NEWMAN-PERSHING LLC as Custodian, on behalf of themselves and all Others Similarly Situated, and Derivatively on behalf of FM LOW VOLATILITY FUND, L.P.,<br><br>    Plaintiffs,<br><br>v.<br><br>FAMILY MANAGEMENT CORPORATION, SEYMOUR W. ZISES, ANDREA L. TESSLER, ANDOVER ASSOCIATES LLC I, ANDOVER ASSOCIATES MANAGEMENT CORP., BEACON ASSOCIATES LLC I, BEACON ASSOCIATES MANAGEMENT CORP., JOEL DANZIGER, HARRIS MARKHOFF, IVY ASSET MANAGEMENT CORP., THE BANK OF NEW YORK MELLON CORPORATION, MAXAM ABSOLUTE RETURN FUND, LP, MAXAM CAPITAL GP, LLC, MAXAM CAPITAL MANAGEMENT LLC, MAXAM CAPITAL MANAGEMENT LIMITED, SANDRA MANZKE, and JOHN DOES 1-100,<br><br>    Defendants,<br>and<br><br>FM LOW VOLATILITY FUND, L.P.,<br><br>    Nominal Defendant. | 08 Civ. 11215 (LBS) |

**FM LOW VOLATILITY FUND, L.P.'S MEMORANDUM OF LAW
IN OPPOSITION OF PLAINTIFFS' MOTION TO ALTER OR AMEND THE
JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT**

                                                                                  **LAX & NEVILLE, LLP**
                                                                                  1412 Broadway, Suite 1407
                                                                                  New York, NY 10018
                                                                                  Tel:  (212) 696-1999
                                                                                  *Attorneys for Nominal Defendant*
                                                                                  *FM Low Volatility Fund, L.P.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................iii - iv

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT..............................................................................................................................3

    I.    THE MOTION TO AMEND IS BASED UPON PREVIOUSLY
KNOWN FACTS, OR FACTS THAT WERE READILY AVAILABLE
TO THE PLAINTIFF WHEN THEY FILED THE SAC ..............................................3

        A.  Plaintiff Has Not Provided New Facts Or Shown A Manifest
Error of Law................................................................................................................3

        B.  Plaintiff Should Not Be Allowed To Reargue Demand Futility
Based Upon Facts Known Or That Should Have Been Known
When The SAC Was Filed..........................................................................................4

        C.  The Court Considered The Concentration Provision Allegations
And The Remainder Of Plaintiffs' Scienter Allegations Are
Based Upon Facts Known To, Or Were Readily Available To,
Plaintiffs When They Filed The SAC ........................................................................4

                1.  Zises, Tessler and FMC's Alleged Investments In Madoff Are
Not New Facts........................................................................................................6

                2.  Through Minimal Due Diligence, The Plaintiffs Should
Have Known That The FMC Defendants Invested In
Andover, Beacon And Maxam ..............................................................................8

                3.  There Is No New Evidence That FMC Defendants
Misrepresented The Due Diligence Performed…………………….……8

                4.  Allegation That FMC Allegedly Admitted That Madoff Was
Managing 62% of the FM Fund's Assets Is Not A New Fact………...9

                5.  Through Minimal Due Diligence, The Plaintiffs Should
Have Known That Zises Had Clients Who Invested
With Madoff In The 1990s…………………………………………..10

                6.  None Of These Alleged New Facts Actually Meets
The Scienter Standard…………..………..……………………………10

|      |                                                                                                                                                                          |     |
|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|
| II.  | PLAINTIFFS PREVIOUSLY AGUED TO NO AVAIL THAT THE ATTORNEY HIRED BY FMC DEFENDANTS TO PURSUE AFFIRMATIVE CLAIMS DID NOT REPRESENT THE FUND'S INTERESTS ................................................................... | 11  |
| III. | PLAINTIFFS' GROSS NEGLIGENCE ALLEGATIONS ARE BASED UPON THE SAME NEW FACTS, THAT ARE IN FACT, NOT NEW ................................................................................. | 12  |
| IV.  | SLUSA PREEMPTS PLAINTIFFS' DIRECT CLAIMS ............................................ | 13  |

CONCLUSION .................................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page**

Antonmarchi v. Consolidated Edison Co. of N.Y., Inc.
  2009 WL 1069161 (S.D.N.Y. 2009) .................................................................................. 3

Atlantic States Legal Found. v. Karg Bros.
  841 F.Supp. 51, 56 (N.D.N.Y. 1993) ................................................................................ 3

In re Beacon Assocs. Litig.
  2010 WL 3895582, at *34 (S.D.N.Y. Oct. 5, 2010) ........................................................ 13

Cray v. Nationwide Mutual Ins. Co.
  192 F.Supp.2d 37, 39 (W.D.N.Y. 2001) ............................................................................ 3

Enzo Biochem, Inc. v. Johnson & Johnson
  866 F.Supp. 122, 123 (S.D.N.Y. 1994) ............................................................................. 3

Guttman v. Huang
  823 A.2d 492, 501 (Del. Ch. 2003) ................................................................................... 4

In re Houbigant, Inc.
  914 F.Supp. 997, 1001 (S.D.N.Y. 1996) ........................................................................ 3,7

Morales v. Quintiles Transnational Corp
  25 F.Supp.2d 369, 372 (S.D.N.Y. 1998) ........................................................................... 3

Schonberger v. Serchuk
  742 F.Supp. 108, 119 (S.D.N.Y. 1990) ............................................................................. 3

United States v. Potamkin Cadillac Corp.
  697 F.2d 491, 493 (2d Cir. 1983) ...................................................................................... 3

Rafter v. Liddle
  2008 WL 3842709 (2d Cir. 2008) ..................................................................................... 2

Rales v. Blasband
  634 A.2d 927, 934 (Del. 1993) .......................................................................................... 4

S.E.C. v. Comad Sec. Corp.
  2010 WL 363844 (S.D.N.Y. Feb. 2, 2010) ..................................................................... 11

South Cherry Street, LLC v. Hennessee Group LLC
  573 F.3d 98, 112 (2d Cir. 2009) ...................................................................................... 11

– iv –

<u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>
  551 U.S. 308, 314 (2007) .................................................................................................. 11

<u>Walsh v. McGee</u>
  918 F.Supp. 107, 110 (S.D.N.Y. 1996) ............................................................................ 3, 9, 13

<u>William Manno, et al. v. Maxam Capital GP</u>
  10-cv-9260 (LBS) ............................................................................................................. 12

<u>Word v. Croce</u>
  2004 WL 434038 (S.D.N.Y. 2004) ...................................................................................... 3, 8

**Statutes and Court Rules**

Federal Rules of Civil Procedure Rule 59(e) ............................................................ 3, 5, 8, 9, 10, 13

Nominal defendant FM Low Volatility Fund, L.P. (the "Fund") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to alter or amend the judgment and for leave to amend the complaint.[1]  The Fund joins and incorporates by reference the dispositive points mandating denial of Plaintiffs' motion in Point I of the Ivy Opposition.[2]

## PRELIMINARY STATEMENT

After four attempts at pleading this matter, and thousands of pages of substantive briefing, this Court issued a well-reasoned and thorough Opinion dismissing with prejudice each and every claim brought by the Plaintiffs.[3]  Plaintiffs now improperly seek to have this Court grant them leave to amend their complaint, as to the claims against the Fund—for the fourth time—based upon a false claim that the TAC allegedly contains new facts and allegations supporting Plaintiffs' direct securities fraud claims, derivative claims and the allegation that a demand on the Fund is futile.  In actuality, the TAC is nothing more than an improper rehashing of previously made arguments based upon facts either known to the Plaintiff when they filed the SAC, or were readily available through minimal due diligence when the Plaintiffs filed the SAC.

---

[1] For ease of reference, the Plaintiffs' Memorandum of Law in Support of Motion to Alter or Amend The Judgment And For Leave to Amend The Complaint will be referenced as ("Motion to Amend at __").  A proposed Third Amended Complaint ("TAC") is attached to the Declaration of Demet Basar's in Support of Plaintiffs' Motion to Alter or Amend the Judgment and For Leave to Amend the Complaint ("Declaration In Support of the Motion to Amend").  The Second Amended Complaint was filed on December 16, 2009 ("SAC").  Unless otherwise defined, capitalized terms used herein shall have the same meaning given them in the Memorandum of Law in Support of FM Low Volatility Fund, L.P.'s Motion to Dismiss the Second Amended Complaint, dated April 19, 2010.

[2] Defendants Ivy Asset Management LLC's and The Bank of New York Mellon Corporation's Opposition to Plaintiffs' Motion to Alter or Amend the Judgment and for Leave to Amend the Complaint ("Ivy Opposition").  The Fund reserves all rights to submit a motion to dismiss the allegations contained in the TAC should this Court grant the pending Motion to Amend.

[3] The Court issued its Opinion and Order on October 20, 2010 ("Opinion").  A copy of which is attached to the Declaration In Support of the Motion to Amend as Exhibit A.

1

Plaintiffs claim that their Motion to Amend should be granted so that they can reargue the demand futility argument against the Fund because Plaintiffs' TAC allegedly provides additional "allegations concerning the likelihood that these [FMC] Defendants will be found liable." (Motion to Amend at 19).  In support of this baseless claim, Plaintiffs wrongly assert (i) that the TAC contains additional allegations of scienter, and therefore, the FMC Defendants are "primary wrongdoer(s)" and their actions are not protected by the business judgment rule (*Id*. at 19); (ii) that the attorney hired to pursue the affirmative claims on behalf of the Fund is conflicted (*Id*. at 19-20); and (iii) that Plaintiffs have now adequately alleged gross negligence; thereby, eliminating the Court's basis for dismissing the demand futility requirement based upon the exculpatory clause of the Fund's Offering Memorandum and Limited Partnership Agreement that precludes liability as to the FMC Defendants.  (*Id*. at 20).  All of these arguments, and the facts offered in support thereof, were either proffered to this Court in the SAC or the Plaintiffs' Opposition to the Motion to Dismiss the Second Amended Complaint, or were readily available to the Plaintiffs—who tactically chose not to include them—when they submitted the SAC.  Moreover, this Court's well reasoned Opinion consider and rejected Plaintiffs' request to amend its pleadings.

The Fund respectfully request that this Court deny Plaintiffs' ill-advised attempt to get a "second bite at the apple." *Rafter v. Liddle*, 2008 WL 3842709, *1 (2d Cir. 2008) (denying motion where movant is unable to point to any facts or controlling law that were overlooked in reaching the decision to dismiss.).

**ARGUMENT**

I.  **THE MOTION TO AMEND IS BASED UPON PREVIOUSLY KNOWN FACTS, OR FACTS THAT WERE READILY AVAILABLE TO THE PLAINTIFF WHEN THEY FILED THE SAC**

    A.  Plaintiff Has Not Provided New Facts Or Shown A Manifest Error Of Law

A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") or Local Rule 6.3 can only be granted if the movant presents **newly discovered evidence** that was not available at the time of the submission, or there is evidence in the record that establishes a manifest error of law or fact.  *Word v. Croce*, 2004 WL 434038, *4 (S.D.N.Y. 2004); *see also Cray v. Nationwide Mutual Ins. Co.*, 192 F.Supp.2d 37, 39 (W.D.N.Y. 2001).  Most importantly, the evidence must be "**newly discovered** or ... could not have been found **by due diligence**."  *Antonmarchi v. Consolidated Edison Co. of N.Y., Inc.*, 2009 WL 1069161, *1 (S.D.N.Y. 2009) (emphasis added); *Word,* 2004 WL 434038 at *4; *see also United States v. Potamkin Cadillac Corp.,* 697 F.2d 491, 493 (2d Cir. 1983); *see also Atlantic States Legal Found. v. Karg Bros.,* 841 F.Supp. 51, 56 (N.D.N.Y. 1993).  The movant, however, may not address facts, issues, or arguments not previously presented to the court, *Walsh v. McGee,* 918 F.Supp. 107, 110 (S.D.N.Y. 1996), or "reargue those issues already considered." *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).

Furthermore, the Court should only grant a motion to amend or alter a judgment if it "has overlooked matters or controlling decisions which might have materially influenced the earlier decision."  *Morales v. Quintiles Transnational Corp.,* 25 F.Supp.2d 369, 372 (S.D.N.Y. 1998) (citing *Enzo Biochem, Inc. v. Johnson & Johnson,* 866 F.Supp. 122, 123 (S.D.N.Y. 1994) (citations omitted); *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990)).

  B.  Plaintiff Should Not Be Allowed To Reargue Demand Futility Based Upon
    <u>Facts Known Or That Should Have Been Known When The SAC Was Filed</u>

Plaintiffs' Motion to Amend requests that the Court alter or amend its judgment to allow Plaintiffs to reargue its demand futility argument.[4] Plaintiffs assert that their TAC "addresses what the Court viewed as "weaknesses" in Plaintiffs' allegations of demand futility." (Motion to Amend at 18). Plaintiffs claim to have alleviated the "weaknesses," which they argue would excuse the demand futility requirement, by alleging: (i) that the TAC contains additional allegations of scienter, and therefore, the FMC Defendants are "primary wrongdoer(s)" and their actions are not protected by the business judgment rule (*Id.* at 19); (ii) that the attorney hired to pursue the affirmative claims on behalf of the Fund is conflicted (*Id.* at 19-20); and (iii) that Plaintiffs have now adequately alleged gross negligence, which is not barred by the exculpatory clause of the Fund's Offering Memorandum and Limited Partnership Agreement (*Id.* at 20). Again, all of these allegations and the facts allegedly supporting them were available to the Plaintiffs when they filed the SAC.

  C.  The Court Considered The Concentration Provision Allegations,
    And The Remainder Of Plaintiffs' Scienter Allegations Are Based Upon Facts
    <u>Known To, Or Were Readily Available To, Plaintiffs When They Filed The SAC</u>

Plaintiffs wrongfully assert that they have "supplement[ed] the SAC with additional allegations of scienter," which would excuse the demand requirement. (Motion to Amend at 19).

---

[4] As this Court noted in its Opinion, "[i]n determining the sufficiency of a complaint to withstand dismissal based on a claim of demand futility, the court must decide '(1) whether threshold presumptions of director disinterest or independence are rebutted by well-pleaded facts; and, if not, (2) whether the complaint pleads particularized facts sufficient to create a reasonable doubt that the challenged transaction was the product of a valid exercise of business judgment.'"[4] Plaintiffs erroneously assert that the TAC now meets this requirement.

To excuse a demand, Plaintiffs must plead particularized facts creating "a reasonable doubt that, as of the time the complaint is filed, the [general partner] could have properly exercised its independent and disinterested business judgment in responding to a demand." *Guttman v. Huang*, 823 A.2d 492, 501 (Del. Ch. 2003) (quoting *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993)).

However, those "additional allegations" are based upon a misreading of this Court's Opinion and facts known or available to the Plaintiffs—which they strategically chose not to plead—when they filed the SAC. Accordingly, those additional allegations cannot form the basis of a motion to amend pursuant to FRCP 59(e) or Local Rule 6.3.

First, in support of its allegations that a demand on the Fund is futile, Plaintiffs mistakenly claim that this Court ignored or missed an allegation of "misleading representations and omissions [allegedly by the FMC Defendants] in the SAC," concerning the concentration provisions of the Fund's offering materials. (*Id*. at 8-9). Specifically, the Plaintiffs erroneously argue that "the Order did not discuss the allegation that the FMC Defendants . . . invest[ed] more than 60% of the FM Fund assets with Madoff," which Plaintiffs allege violated the "diversification requirements" of the Fund's offering materials which state "the FM Fund was to be invested in at least three different investments, with no single investment comprising more that 35% of its net asset value." (*Id*.).

The Court considered this argument and found it unavailing. (Opinion at 5). The Opinion concluded that the Fund's offering materials "warned investors that this division [requiring three different investments each less than 35% of the Fund's total assets] in no way guaranteed diversification, as the Managers 'at times may take positions on behalf of the Fund which are the same, or opposite from, the positions taken by other Managers.'" (Opinion at 5 citing Fund's Offering Memorandum at 9). As the Court rightly recognized, the Fund's Offering Memorandum clearly disclosed that the Third Party Managers may invest Fund assets in similar positions. Accordingly, this issue was not overlooked by the Court and it cannot form the basis of Plaintiffs' request to alter or amend the judgment as to the demand futility requirement.

Second, Plaintiffs wrongfully allege that they have provided new evidence that the FMC Defendants had the requisite scienter to maintain Plaintiffs' derivative claims that were dismissed. (Motion to Amend at 9). The alleged "new" facts offered in support of this position are (i) that Zises, Tessler and FMC allegedly had direct investments with Madoff (Motion to Amend at 9); (ii) that Zises and Tessler had personal investments with Andover, Beacon and Maxam (Motion to Amend at 10); (iii) that Zises allegedly admitted that FMC had not conducted "on-site" due diligence of Madoff (*Id*. at13); (iv) that an employee of the FMC Defendants admitted that Madoff was "managing 62% of the Fund's assets" (*Id*. at 10); and (iv) that Zises had clients that invested with Madoff in the 1990s (*Id*. at 9). All of these facts where either known to the Plaintiffs, or were readily available to the Plaintiffs, when they filed their SAC. Accordingly, these facts cannot form the basis of Plaintiffs' Motion to Amend, which should be denied.

    1.    Zises, Tessler and FMC's Alleged Investments In Madoff Are Not New Facts

Plaintiffs claim to assert new allegations in the TAC based upon facts not contained in the SAC showing that Zises, Tessler and FMC allegedly had direct investments with Madoff (Motion to Amend at 9). It is true that those facts were not included in the SAC, but that is because the Plaintiffs chose not to include them. Prior to the filing of the Complaint, the FMC Defendants openly disclosed their exposure to Madoff to the Plaintiffs, as well as, to every other investor in the Fund. Indeed, the TAC sites the December 11, 2008 memorandum, which disclosed that "[w]e want you to know that ***we have significant personal investments with Madoff***." (TAC at ¶9, emphasis in TAC). Plaintiffs were therefore aware that FMC Defendants had exposure to Madoff, and they chose not to include that information in their SAC, which was filed on December 16, 2009, one year subsequent to the issuance of that memorandum. These

previously disclosed facts that the Plaintiffs chose not to include cannot now form the basis for Plaintiffs' Motion to Amend.

Plaintiffs claim that this allegedly new evidence—that the FMC Defendants were investors in Madoff—proves that the FMC Defendant had "personal knowledge of the warnings signs of Madoff's potential fraud." (Motion to Amend at 13). The "warning signs" Plaintiffs rely upon to make this erroneous allegation are the same "red flags" that Plaintiffs relied upon in their SAC; the very same "red flags" this Court concluded where "insufficient to establish scienter." (Opinion at 15). This Court specifically noted that:

> Plaintiffs outline the numerous red flags that [Plaintiffs allege] the FMC Defendants recklessly disregarded, including among others, Madoff's lack of transparency and "consistent investment returns," the discrepancy between Madoff's supposed trading activity and the open interest of index option contracts, that BMIS was audited by a small accounting firm, and the lack of third party administrators and custodians. SAC ¶¶ 4–5.[5]

(Opinion at 15). Thus, the alleged new facts, which they are not, are a poor segue into the same "red flag" argument Plaintiffs proffered in their original pleadings, which this Court properly dismissed as unavailing. Accordingly, this Court should further deny Plaintiffs' Motion to Amend, as they should not be allowed to simply "reargue those issues already considered." *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).

---

[5]   Opinion at 15. Plaintiffs' Motion to Amend also points to the following "red flags" that were also included in the SAC: (i) the split-strike strategy could not produce consistent returns (Motion to Amend at 14), but see SAC at ¶5; (ii) there were not enough options to support the trading strategy (Motion to Amend at 14), but see SAC at ¶ 7(b); (iii) the quarterly liquidation of the positions (Motion to Amend at 15), but see SAC at ¶¶ 5 and 213; (iv) the lack of electronic access to data (Motion to Amend at 15), but see SAC at ¶213; (v) the fact that other industry professionals and two articles questioned Madoff's consistency and secrecy (Motion to Amend at 15), but see SAC ¶¶ 82-83, 121 and 197. Accordingly, none of these allegations are new facts, but simply unavailing attempts to rehash arguments and positions previously presented to this Court by the Plaintiff that were found to be insufficient to sustain Plaintiffs' claims.

      2.      Through Minimal Due Diligence, The Plaintiffs Should Have Known
              That The FMC Defendants Invested In Andover, Beacon And Maxam

In support of the Motion to Amend, Plaintiffs make the following allegations:

> Plaintiffs have added allegations, based on facts they discovered after the filing of SAC, which include the following: (a) Zises had direct investments in the Beacon and Maxam Fund; (b) Zises had a trust in his name that had a direct investment in Beacon; (c) "Silver Vista LLC – Andrea Tessler" had a direct investment with Andover; and (d) the "Tessler Family Foundation, Inc." was a direct investor in Maxam.[6]

Yet, Plaintiffs readily admit in the TAC, but surprisingly exclude from the Motion to Amend, that the aforementioned allegations are taken from a publicly available Exhibit to a Declaration in Support of a Memorandum Of Law filed by the Madoff Trustee on June 11, 2009, which was therefore available to the Plaintiffs' attorneys **six months before** the actual filing of the SAC. (TAC at ¶113 and Motion to Dismiss at 10). Accordingly, these facts were available to the Plaintiffs' attorneys through reasonable due diligence, and are not **new facts** that were "[un]available at the time of the submission." *Word v. Croce*, 2004 WL 434038, at *4.

Moreover, the Fund's Offering Memorandum as well as FMC's Form ADV, outline the Fund's obligation to conduct due diligence extends only to the Investment Vehicles of Andover, Beacon and Maxam, and not to Madoff. (Opinion at 4.) Consequently, these facts cannot form the basis of a motion to amend pursuant to FRCP 59(e) or Local Rule 6.3.

      3.      There Is No New Evidence That
              FMC Defendants Misrepresented The Due Diligence Performed

Plaintiffs wrongly allege that the TAC contains "additional information" for a "new actionable [alleged] misrepresentation, made with scienter." (Motion to Amend at 13). The allegation is baseless and the "additional information" was known to the Plaintiff **over a year before** the filing of the SAC. Plaintiffs cite to the Fund's "offering materials," which allegedly

---

[6]     Motion to Amend at 10.

state that FMC Defendants conduct "on-site due diligence of companies, issuers, and Third Party Managers (such as discussion with company management, visits to company offices or manufacturing facilities)." (*Id.*). Plaintiffs then reference "additional information" concerning a telephone call between Mr. Zises and Mr. Newman **that occurred in December 2008,** where Plaintiffs allege that Mr. Zises stated that "he had not met with Madoff for several years." (Motion to Amend at 13). Plaintiffs claim that this alleged admission by Mr. Zises proves that Fund's "offering materials" contain a misrepresentation. First, this is not a new or "additional" fact. As plead in the TAC, the allege conversation between the Plaintiff, Mr. Newman, and Zises occurred **over a year before the SAC was filed**. Second, if this allegation is in fact a "new actionable" allegation,[7] which it is not, it was "not previously presented to the court," and it cannot form the basis for relief. *Walsh v. McGee,* 918 F.Supp. 107, 110 (S.D.N.Y. 1996). As stated above, Plaintiffs cannot rely upon (i) evidence that was known to the Plaintiff before they filed the SAC, and (ii) they cannot raise new allegations and arguments for the first time in a motion pursuant to FRCP 59(e) or Local Rule 6.3.

    4.    Allegation That FMC Allegedly Admitted That Madoff
           Was Managing 62% of the FM Fund's Assets Is Not A New Fact

Plaintiffs assert that an individual affiliated with FMC, Marshall Kiev, stated sometime in October 2008 that that Madoff was "managing 62% of the FM Fund's assets" (Motion to Amend at 10). Obviously if this statement was made in October 2008, as the Plaintiffs allege, it is not new evidence. Again, Plaintiffs offer another fact that reasonable due diligence on their part would have uncovered. Again, this is not a new fact that can form the basis of a Motion to Amend pursuant to FRCP 59(e) or Local Rule 6.3.

---

[7]     Motion to Amend at 13.

9

Moreover, this fact eviscerates Plaintiffs' fraud and negligent misrepresentation claims, which form the primary basis of the TAC. If Plaintiffs were in fact aware that the Fund's assets were, as they claim, "62%" invested in Madoff, there is no misrepresentation as to the Fund's concentration provisions as Plaintiffs painstakingly assert in the Motion to Amend (*Id*. at 9-17). The entire premise of the Motion to Amend is based upon allegations that the FMC Defendants recklessly withheld, or were grossly negligent in "not disclosing that the FMC Defendants . . . invest[ed] more than 60% of the FM Fund assets with Madoff," which Plaintiffs allege violated the "diversification requirements" of the Fund's offering materials which state "the FM Fund was to be invested in at least three different investments, with no single investment comprising more that 35% of its net asset value." (Motion to Amend at 8-9). Yet, one of the primary facts the Plaintiffs rely upon in support of this Motion to Amend clearly evidences that the Plaintiffs were in fact <u>aware of the concentration of the Fund's investments with Madoff prior to the actual fraud</u>. Accordingly, there is no misrepresentation or omission upon which Plaintiffs can support their claims.

    5. <u>Through Minimal Due Diligence, The Plaintiffs Should Have Known That Zises Had Clients Who Invested With Madoff In The 1990s</u>

Plaintiffs assert that Zises had a client who invested with Madoff in the early 1990s. (Motion to Amend at 9). Plaintiffs do not identify where this information comes from, so it is impossible to confirm its accuracy or relevance. But more importantly, it is not a new piece of evidence, as the Plaintiff should have known about it prior to the filing of the SAC, and therefore, it is unavailing as a rational for granting Plaintiffs' Motion to Amend.

    6. <u>None Of These Alleged New Facts Actually Meets The Scienter Standard</u>

Notwithstanding the fact that Plaintiffs' Motion to Amend is wholly deficient as to the applicable standards under FRCP 59(e) or Local Rule 6.3, Plaintiffs' proposed TAC and the

allegations and allegedly new facts contained therein still fail to meet the strict pleading requirements of a properly alleged securities fraud claim or demand futility claim. The allegations and alleged new facts in the TAC are simply rehashed allegations of the same "red flags" arguments this Court found unavailing.[8] Accordingly, Plaintiffs' Motion to Dismiss should be denied in its entirety.

## II. PLAINTIFFS PREVIOUSLY ARGUED TO NO AVAIL THAT THE ATTORNEY HIRED BY FMC DEFENDANTS TO PURSUE AFFIRMATIVE CLAIMS DID NOT REPRESENT THE FUND'S INTERESTS

In further support of the Plaintiffs' attempt to reargue the demand futility argument, Plaintiffs wrongfully reassert their previously argued position that the attorney hired to pursue affirmative claims on behalf of the Fund is conflicted. (Motion to Amend at 19). Plaintiffs asserted an identical allegation in the SAC and argued the point in their Opposition to the Motion to Dismiss (*See* SAC ¶ 138 and Opposition at 87-88). Again, this is not a new issue, as the facts that form the basis of this allegation were readily available to the Plaintiff upon the filing of the SAC. And in fact, the Plaintiffs included the same factual allegations concerning Mr. Folkenflik's representation of the Fund in the SAC. (SAC at ¶138). The Court considered this point unpersuasive in its decisions to dismiss the Plaintiffs' claims for failure to adequately allege demand futility: "Nor do the [Plaintiffs] provide convincing reasons why Defendant FMC cannot exercise it business judgment as a general partner to determine whether the FM Fund should pursue claims against the Maxam and Andover Defendants." (Opinion at 29).

---

[8] Opinion at 15. The Court noted that in both *S.E.C. v. Comad Sec. Corp.*, No 09 Civ. 5680 (LLS), 2010 WL 363844, at *2 (S.D.N.Y. Feb. 2, 2010) and *South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98, 112 (2d Cir. 2009) that similarly situated defendants were fooled by Madoff and that "an inference of scienter here is simply not as cogent and compelling as the 'opposing inference of nonfraudulent intent.'" Opinion at 16 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

Furthermore, Plaintiffs' concern that the Fund has not asserted claims against the Maxam defendants has been alleviated with the filing of a class action complaint. *See William Manno, et al. v. Maxam Capital GP*, 10-cv-9260 (LBS).  As this Court noted,

> Plaintiffs here are not left without remedy … [because] [t]he FM Fund is currently a class member in a suit … [and] Plaintiffs offer no reason why Defendant FMC could not exercise its business judgment to determine whether the Fund should continue as a class member rather than bring an independent suit.

(Opinion at 29).  Accordingly, Plaintiffs' Motion to Amend to reargue demand futility should be denied.

### III. PLAINTIFFS' GROSS NEGLIGENCE ALLEGATIONS ARE BASED UPON THE SAME NEW FACTS, THAT ARE IN FACT, NOT NEW

Plaintiffs erroneously claim that demand is excused because the "TAC now provides details of the exculpatory clause, including that it does not protect the FMC Defendants for acts that constitute bad faith, gross negligence, fraud or willfull misconduct.  Moreover, the TAC adds allegations that the exculpatory clause does not protect the FMC Defendants." (Motion to Amend at 20).

First, Plaintiffs are repeating an argument they previously made in the SAC.  The redlined version of the TAC[9] clearly shows that the TAC paragraph cited by the Plaintiffs as having "details" and additional "allegations" is substantially similar to the original allegations contained in the SAC. (Redlined Version of TAC, Exhibit D, page 25, ¶76, Deletion Window). The SAC alleged that the FMC Defendants' alleged conduct "amounted to gross negligence and extreme recklessness" that was not a "good faith business judgment." (*Id*.)  As such, Plaintiffs are simply repeating allegations that were previously made and found unavailing by this Court.

---

[9] Attached to the Declaration in Support of the Motion to Amend as Exhibit D.

Second, to the extent that the "TAC adds allegations" (Motion to Amend at 20), they were "not previously presented to the court," and are inappropriately brought under FRCP Rule 59(e) or Local Rule 6.3. *Walsh v. McGee,* 918 F.Supp. 107, 110 (S.D.N.Y. 1996). Third, the gross negligence claims are based upon the same allegedly new facts that were dispensed with above. For these reasons, the allegations and the alleged new facts offered in support thereof, cannot form the basis for the Motion to Amend pursuant to FRCP 59(e) or Local Rule 6.3.

### IV.  SLUSA PREEMPTS PLAINTIFFS' DIRECT CLAIMS

Finally, the Fund notes, as the Ivy Opposition more thoroughly explained, SLUSA preempts all of Plaintiffs' state law claims. (Ivy Opposition at 15-16). This Court held as such in its Opinion, as well as in its decision in *In re Beacon Assocs. Litig.*, No. 09 Civ. 777 (LBS), 2010 WL 3895582, at *34 (S.D.N.Y. Oct. 5, 2010). Nothing in the TAC or Plaintiffs' Motion to Amend rectifies this issue and Plaintiffs' Motion to Amend with respect to the state law claims should be denied on this independent basis.

### CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to alter or amend the judgment and for leave to amend the complaint.

Dated: New York, New York
       December 17, 2010

> **LAX & NEVILLE, LLP**
>
> By:  */s/ Barry R. Lax*
> Barry R. Lax, Esq. (BL 8251)
> Brian Maddox, Esq. (BM 6128)
> 1412 Broadway, Suite 1407
> New York, NY 10018
> Tel:  (212) 696-1999
>
> *Attorneys for Nominal Defendant*
> *FM Low Volatility Fund, L.P.*

13