UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID B. NEWMAN and IRA F/B/O DAVID NEWMAN-PERSHING LLC as Custodian, on behalf of themselves and all Others Similarly Situated, and Derivatively on behalf of FM LOW VOLATILITY FUND, L.P.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FAMILY MANAGEMENT CORPORATION; SEYMOUR W. ZISES; ANDREA L. TESSLER; ANDOVER ASSOCIATES LLC I; ANDOVER ASSOCIATES MANAGEMENT CORP.; JOEL DANZIGER, HARRIS MARKHOFF; IVY ASSET MANAGEMENT CORP.; THE BANK OF NEW YORK MELLON CORPORATION; MAXAM ABSOLUTE RETURN FUND, LP; MAXAM CAPITAL MANAGEMENT LLC; MAXAM CAPITAL GP, LLC; and SANDRA MANZKE,<br><br>    Defendants,<br><br>and FM LOW VOLATILITY FUND, L.P.,<br><br>    Nominal Defendant. | 1:08-cv-11215-LBS (AJP)<br><br>**FILED ELECTRONICALLY** |

**PLAINTIFFS' SUR-SUR REPLY MEMORANDUM OF LAW IN
RESPONSE TO THE MAXAM DEFENDANTS' SUR-REPLY AND
IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO ALTER
OR AMEND THE JUDGMENT AND TO AMEND THE COMPLAINT**

Contrary to the Maxam Defendants' argument, Plaintiffs' articulation of New York law on third parties' standing to raise the lack of demand defense is accurate. *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 329 (S.D.N.Y.), the sole case on which the Maxam Defendants rely, was cited in Plaintiffs' memorandum (Dkt. 183), and Plaintiffs correctly noted that *Kalin* "was the only case holding that a third party can raise the lack of demand defense under New York law." Dkt. 183 at 28, n.31. Plaintiffs also correctly stated, as the *Kalin* court itself put it, that "[n]either the parties nor th[e] Court" in that case "were able to locate any case under New York law" on the issue. *Kalin*, 526 F. Supp. 2d at 408, n.7. However, two pre-*Kalin* New York cases make clear that the lack of demand defense belongs to the corporation only, and not to third parties. *See Ripley v. Int'l Railways of Cent. Am.*, 8 A.D.2d 310, 317 (1st Dep't 1959) ("Such a defense appertains to IRCA; it cannot have any bearing on the cause of action asserted on behalf of IRCA against UFC"), *citing Koral v. Savory, Inc.*, 276 N.Y. 215, 218 (1937) (stating that a "cause of action for wrong done to the corporation belongs to the corporation," and declaring that "alleged wrongdoers may not dictate how the choice should be exercised.").

The law governing derivative actions in Delaware[1] and New York is similar. *See, e.g.*, *Cohen PDC, LLC v Cheslock-Bakker Opportunity Fund, LP*, 601024/2003, 2010 N.Y. Misc. LEXIS 5382, at *13 (Sup. Ct. N.Y. Co. Oct. 19, 2010) ("New York and Delaware share the same standards for interpreting standing in derivative claims"). *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 730 (Del. 1988), which held, on the facts before it, that third parties can raise the lack of demand defense, should not apply here, because the FM Defendants, the managers of the Fund, are the primary wrongdoers and are alleged to have worked together with the feeder funds' managers, like the Maxam Defendants, to knowingly invest the Fund's assets with Madoff. *See* TAC, ¶¶ 156, 211-13, 215-34. In

---

[1] The FM Low Volatility Fund (the "Fund") is a Delaware limited partnership.

*Kaplan*, there was no allegation that the third party auditor engaged in wrongdoing in concert with the board, the counterpart of the FM Defendants.  *Prager v. Sylvestri*, 449 F.Supp. 425, 429 (S.D.N.Y. 1978), in which, as is the case with the FM Defendants, the owner of the corporation took no action despite knowing of plaintiffs' claims, should govern here where the FM Defendants also have done nothing to pursue claims against third parties.

Dated:  February 3, 2011                                    *Respectfully submitted,*

                                    **WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**

By:     /s/ Demet Basar
Daniel W. Krasner (DK 6381)
Demet Basar (DB 6821)
Kate McGuire (KM 0599)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

/650025